UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD MEEKS,

    Plaintiff,

v.                                        Case No. 15-14270

CITY OF DETROIT, et al.,

    Defendants.

                                                        /

**OPINION AND ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS**

Pending before the court is the Complaint of James Edward Meeks. The Complaint alleges the following counts:

- Count I: a claim against Defendant City of Detroit for violation of the Fourth and Fourteenth Amendments of the United States Constitution, through 42 U.S.C. § 1983;

- Count II: a claim against Individual Defendants, in their Individual and Official Capacities, for violation of the Fourth and Fourteenth Amendments of the United States Constitution, through 42 U.S.C. § 1983;

- Count III: a deprivation of rights claim under the Michigan Constitution;

- Count IV: a defamation claim;

- Count V: a false arrest claim;

- Count VI: a malicious prosecution claim;

- Count VII: a false imprisonment claim.

Counts I and II assert claims under federal law; the other five counts assert claims under state law.

The court has original jurisdiction over Plaintiff's § 1983 claims. 28 U.S.C.

§ 1331. Because Plaintiff's state and federal law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. However, because an exercise of supplemental jurisdiction will not promote judicial economy, the convenience of the parties, fairness, or comity, the court will dismiss, without prejudice, the state law

claims.

## I.  BACKGROUND

Plaintiff alleges that during the early hours of June 8, 2015, a Fast Track Gas Station on Eight Mile Road was robbed at gunpoint. Just under three hours later, an individual wearing a gray hooded sweatshirt, black pants, and wielding a revolver robbed a person pumping gas at a Sunoco Gas Station located on Seven Mile Road and carjacked their vehicle. Forty minutes later, an almost identical crime occurred at a Citgo Gas Station located on Van Dyke Road by an individual matching the same description.

Plaintiff was identified as a possible suspect of all three crimes. Nevertheless, Plaintiff alleges that when the police prepared and showed a photo line up of possible suspects to the Sunoco victim, his picture was not included. Instead, the victim identified the photo of a man named "James Meekslittle" as the perpetrator. Plaintiff alleges that the photo selected by the victim was not him and looked nothing like him. Plaintiff claims that despite the absence of his photo in the array, he was arrested and interrogated. He alleges in his Complaint that, on June 9, he "confessed to the robbery at the Fast Track gas station, but denied any involvement with either carjacking." He was thereafter charged with three counts of carjacking, felony firearm, and carrying a

2

concealed weapon. He claims he was not charged with the crime to which he confessed.[1] He alleges that he was imprisoned for sixteen days leading up to his preliminary examination at which point a question of identity was raised by the defense. The district court ordered a fingerprint comparison and subsequently dismissed the charges.

## II. DISCUSSION

To litigate in federal court, a party must invoke a basis for original jurisdiction, such as federal-question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative fact with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over the state claims . . . ." 383 U.S. at 726. Supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726-27.

A federal court may exercise supplemental jurisdiction under 28 U.S.C. § 1367, which recognizes a court's discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

---

[1] The Complaint does not explain how three counts of carjacking and firearm offences could emerge from only two events, or why he was not charged in the armed robbery.

3

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). Subsections two and four govern the present action.

"In deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013).

### A. Dismissal Under 28 U.S.C. § 1367(c)(4)

A district court may decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "Congress's use of the word 'other' to modify 'compelling reasons' indicates that what ought to qualify as 'compelling reasons' for declining jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)-(3)." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

### 1. There are "Compelling Reasons" for Dismissing Plaintiff's State Law Claims

"Compelling reasons" for the purposes of [§ 1367] (c)(4) . . . should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness and comity." 24 F.3d. at 1557 (internal citations omitted); *see also Palmer v. Hosp. Auth. of Randolph Cnty*, 22 F.3d 1559, 1569 (11[th]

Cir. 1994). The circumstances of the particular case, the nature of the state-law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion) inform a decision to exercise or decline supplemental jurisdiction. *Gibbs*, 383 U.S. at 726-727.

Mixing federal-law claims with supplemental state-law claims can cause procedural and substantive problems; in the interest of judicial economy and convenience, these problems should be avoided. *See Palmer*, 22 F.3d at 1569. Even where, as in the present case, the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice; complicate the trial; lengthen and make more complex the jury instructions, potentially confusing the jury; result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing-party attorney fees. Consequently, the apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over a state claim may be substantially offset by problems simultaneously created.

### a. Immunity

State and federal law apply different standards of immunity, which if used together could lead to jury confusion. Federal qualified immunity does not apply if an officer violates a clearly established statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Under Michigan law, a governmental employee must raise governmental immunity as an affirmative defense and establish three factors: "(1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or

5

reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Odom v. Wayne Cnty.*, 482 Mich. 459, 760 N.W.2d 217, 218 (Mich.2008).

Applying these various standards of qualified immunity could lead to jury confusion, inconvenience to the parties, and other trial complications. A jury would, while considering a single event, have to switch from one type of analysis to another to decide whether a defendant enjoys federal or state qualified immunity. Switching between standards could increase the danger that a jury will apply the wrong legal standard to a claim.

### b. Recoverable Damages

A plaintiff may recover punitive damages from an individual (in his individual capacity) under § 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267, 271 (1981). A plaintiff may recover exemplary damages, but not punitive damages, for a tort under state law. *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980).

"Punitive" and "exemplary" damages differ:

> Exemplary damages are compensation for injury to feelings and are awardable where the defendant commits a voluntary act which inspires feelings of humiliation, outrage, and indignity. . . .[A] plaintiff must establish that the act giving rise to the damages was voluntary, that the voluntary act inspired feelings of humiliation outrage and indignity, and that the conduct was malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiffs' rights
>
> Punitive damages, unlike exemplary damages, are not intended to compensate the injured party but, rather, to punish the wrongdoer and to deter him or her, and others, from similar extreme conduct.

7 Mich. Civ. Jur. *Damages* § 161 (2013) (footnotes omitted); *see also Newport*, 453 U.S. at 266-67; *Ass'n Research & Dev. Corp.*, 333 N.W.2d 206, 211 (Mich. Ct. App. 1983).

Allowing punitive damages for some claims but not others may result in jury

confusion and an unfair verdict. The jury would be instructed that they *may* "punish" for an egregious § 1983 violation, but that they may not "punish" for even the most obvious violation of state law. This difference could lead a jury to award more for a proven § 1983 claim merely to "compensate" for the jury's inability to award punitive damages for the state law claims. It could also lead a jury to reduce an award if it concluded, incorrectly, that because Michigan law does not permit punitive damages, a plaintiff does not deserve punitive damages for his federal claims, either. The availability of punitive damages for the federal claims, but not for the state claims, may cause an unfair outcome.

### c. Conclusion: Compelling Reasons Exist to Dismiss Plaintiff's State Claims

Given the disparity between the state and federal claims as a result of their differences concerning potential immunity and recoverable damages, exercising supplemental jurisdiction over these claims would result in confusion, inconvenience, and potentially unfair results.

### 2. There are "Exceptional Circumstances" for Dismissing Plaintiff's State Law Claims

The phrase "exceptional circumstances" in 28 U.S.C. § 1367(c)(4) limits the broad discretion that district courts once had under *Gibbs* to deny supplemental jurisdiction in any case. *See, e.g.*, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998); *Exec. Software*, 24 F.3d at 1558. However, Congress did not restrict a district court's ability to dismiss claims to cases that were "ridiculous" or "impractical." *Exec. Software*, 24 F.3d at 1558, 1560 (citing *Hays Cnty. Guardian v. Supple*, 969 F.2d 111 (5th Cir. 1992) (holding that exceptional circumstances were present when parallel state proceedings were underway and therefore the adjudication of state claims would be a

7

"waste of judicial resources")).

Exceptional circumstances are present in this case because of the likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome that could result if Plaintiff's state law claims and federal law claims are tried together. Though there will be some duplication of effort required by Plaintiff and Defendants if Plaintiff decides to pursue the state claims in state court, any advantages to be gained by trying all claims together are outweighed by the potential for confusion about the issues, legal theories, defenses, and possible relief.

Thus, the court will not exercise supplemental jurisdiction and will dismiss without prejudice the state-law claims.

### B. Dismissal Under 28 U.S.C. § 1367(c)(2)

Separately, a district court may decline the exercise of supplemental jurisdiction pursuant to § 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). The state claims presented here raise problems, including the need to introduce evidence inapplicable to—indeed, inconsistent with—the evidence relevant to the federal claims, the need to introduce additional witnesses, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions. The state claims presented in this case would, for these reasons, predominate over the § 1983 federal claims over which the court has original jurisdiction. Under 28 U.S.C. § 1367(c)(2), the court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims.

### III. CONCLUSION

The inclusion of Plaintiff's state claims for deprivation of rights under the Michigan constitution, defamation, false arrest, malicious prosecution, and false imprisonment with Plaintiff's federal law claims under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome.  Additionally, these claims would predominate over Plaintiff's federal claims.  Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims.  Accordingly,

IT IS ORDERED that Plaintiff's state law claims for deprivation of rights under the Michigan Constitution (Count III), defamation (Count IV), false arrest (Count V), malicious prosecution (Count VI), and false imprisonment (Count VII) are DISMISSED WITHOUT PREJUDICE.

     s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2016, by electronic and/or ordinary mail.

     s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522